ROGER MORTON, EXECUTOR, AND MARTHA DURYEA AND DOROTHY PIRNIE, EXECUTRICES OF THE ESTATE OF JESSE T. DURYEA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30057. Promulgated June 30, 1931.

*Charles B. McInnis, Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

MORRIS: Due to the abandonment by the petitioners of two of the three issues presented by the pleadings, there is but one question left for consideration, namely, whether the dividends on the Pierce, Butler & Pierce Manufacturing Corporation stock received by the decedent in 1923 and 1924 were erroneously included in his gross income for said years.

The petitioners contend that the gift of stock to the decedent's wife on January 5, 1920, included the ownership of the dividends, and, therefore, that decedent's income has been erroneously increased by including therein dividends belonging to Mrs. Duryea. Their construction of the word " receive " used in the instrument in connection with the dividends is that the grantor intended thereby to reserve the right only to borrow such of the dividends as he might deem necessary for his requirements. The respondent contends that the decedent never effectually gave his wife anything, and that the limitations and conditions attached to the gift were such that the decedent retained the control, dominion, possession and benefits of the alleged gift to himself.

In our view of the case it is unnecessary to decide whether the decedent made an actual gift of the stock to his wife. Assuming that there was such a gift, the position most favorable to the petitioners, the questions remain whether the gift included the dividends or the same were specifically reserved by him, and if reserved, whether they were taxable to him or his wife.

We are unable to agree with the petitioners that the language in the instrument reading " I shall have the right during my lifetime to receive dividends thereon in such amount as I may deem necessary for my requirements " is merely an authorization to the grantor to borrow dividends to the extent of his needs from his wife. The language is clear and unambiguous that the grantor was excepting the dividends from the gift. The reservation is so broad and unlimited in its scope that decedent could have retained all of the dividends during his lifetime if he so desired, *In re Fulham's Estate*, 119 Atl. 433, 436, and it is a matter of record that decedent actually collected them and used the money as his judgment dictated. Except for paying certain taxes and interest obligations of his wife, the record does not show that any of the income collected by him was paid to her. Certain book entries were made as of January 1, 1924, when an accountant opened a separate set of records for the decedent and his wife, showing the decedent indebted to his wife to the extent of the dividends in question, but between the dates of the execution of the agreement and the decedent's death, a period

of seven years, the wife did not receive any of the dividends. The language of the instrument of January 5, 1920, being clear, and the actual retention of the dividends by the decedent, in accordance with the contract, indicate the decedent's intention to reserve the dividends for his own use and enjoyment.

In *Bettendorf* v. *Commissioner*, 49 Fed. (2d) 173, which reversed the Board's opinion at 18 B. T. A. 959, on the theory that there was a gift of certain securities with a reservation of the income therefrom by the donor, it was held that the donee was not taxable upon the dividends, although the stock was transferred to his name on the books of the several corporations and he actually received the dividends and paid them over to the donor. The court used the following language:

* * * In the instant case, at the time of the execution of this contract, Catherine Bettendorf was the absolute owner of these securities, and as an incident to such ownership she was entitled to all the earnings or dividends derived therefrom. By her contract, however, she transferred the legal title to the stock, but by the terms of this same contract she retained and reserved to herself the right to the income during her life. The income was, therefore, at no time that of the petitioner, because by the very contract under which he held the legal title, he was bound to account to the donor for the income.

The facts in the instant case are even stronger for the conclusion reached by the court, as the stocks remained in the decedent's name, and the dividends were paid to and used by him. We conclude that the respondent did not err in including the dividends in the decedent's income.

*Decision will be entered for the respondent.*